UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
PATRICK DOLAN, SR.,

        Plaintiff,

v.

BRETT PORTARO,

        Defendant.
-------------------------------------------------------

CASE NO. 1:15-CV-01022

OPINION & ORDER
[Resolving Doc. 4]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

## I. Background

On May 13, 2015, Plaintiff Patrick Dolan filed this action for breach of contract, breach of fiduciary duty, and unjust enrichment in the Court of Common Pleas for Cuyahoga County, Ohio.[1] Plaintiff Dolan alleges that Defendant Brett Portaro, his sole co-shareholder in The Portaro Group Inc. ("TPG"), is operating a separate business called Stark Power, Inc., that competes with TPG. Plaintiff Dolan says Defendant Portaro is siphoning off TPG's business in favor of Stark Power, and that this violates the parties' agreements in forming TPG.

On May 15, 2015, based on these allegations, the state court granted Plaintiff Dolan's ex parte motion for an temporary restraining order ("TRO").[2] The TRO generally prohibits Defendant Portaro from continuing his allegedly wrongful conduct until June 12, 2015.

On May 21, 2015, Defendant Portaro removed the case to this Court.[3] Defendant

---

[1] Doc. 1-1 at 1–35.
[2] *Id.* at 64–65.
[3] Doc. 1.

Case No. 1:15-CV-01022
Gwin, J.

simultaneously moved this Court to dissolve the TRO.[4] Plaintiff Dolan opposes the motion to dissolve the TRO, and renews the motion he had made in state court for a preliminary injunction.[5]

## II. Standards

All injunctions, including TROs, issued by a state court "prior to . . . removal . . . remain in full force and effect until dissolved or modified by the district court."[6] However, once an action is removed from state court, "federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal."[7] Furthermore, when evaluating a motion to dissolve a TRO issued by a state court prior to removal, "federal law is applied as though the action was originally commenced [in federal court]."[8]

The Court applies the traditional four-part test to determine whether a TRO is appropriate. The Court must consider whether: (1) there is a substantial likelihood of success on the merits, (2) the temporary restraining order is necessary to prevent irreparable injury, (3) the injury to the plaintiff outweighs any harm to the nonmovant, and (4) the temporary restraining order would serve the public interest.[9] In addition, a Court can only issue a TRO without notice to the opposing party if "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."[10]

---

[4]Doc. 4.
[5]Doc. 5.
[6]28 U.S.C. § 1450.
[7]*Granny Goose Foods, Inc. v. Bhd. of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 437 (1974).
[8]*Rabbi Jacob Joseph Sch. v. Province of Mendoza*, 342 F. Supp. 2d 124, 127 (E.D.N.Y. 2004) (citing 14C Wright & Miller, Federal Practice & Procedure Jurisdiction § 3738).
[9]*See, e.g.*, *Summit County Democratic Central and Executive Committee v. Blackwell*, 388 F.3d 547, 550–51 (6th Cir. 2004); *see also* Fed. R. Civ. P. 65(b).
[10]Fed. R. Civ. P. 65(b)(1)(B).

Case No. 1:15-CV-01022
Gwin, J.

### III. Analysis

Had Plaintiff Dolan initially filed this case in this Court, the TRO could not have been granted. When the motion for a TRO was first made in state court, Plaintiff's counsel did not provide the required certification as to what efforts were made to give notice and why notice should not be required. Nor did Plaintiff's counsel file such certification in this Court after removal. That deficiency alone justifies dissolving the TRO.[11]

Furthermore, on a motion to dissolve a TRO, the party that obtained the TRO "bears the burden of justifying the need for continued injunctive relief on a temporary basis."[12] After reviewing the merits of Plaintiff Dolan's motion, the Court concludes that Plaintiff has not demonstrated why the TRO should continue.

First, Plaintiff Dolan has not made a persuasive showing that he is likely to succeed on the merits. Dolan's briefing focuses on the legal standards for each of his claims, but makes little argument as to why the underlying facts are in his favor. Dolan argues that non-compete agreements are enforceable, that Portaro owed him a fiduciary duty, and that Portaro's conduct constitutes unjust enrichment.[13] But beyond the generic assertion that Portaro is somehow stealing business from him, Dolan provides few facts to support his claims. Dolan is likely correct that he had a non-compete agreement with Portaro. Dolan has not persuaded the Court, however, that Portaro has necessarily breached it by working for another company.

Second, Dolan makes a weak showing on irreparable injury. Dolan asserts, "[w]here the plaintiff has established that the defendant breached his non-compete agreement, that breach – in and

---

[11] *See, e.g.*, *Rabbi Jacob Joseph Sch.*, 342 F. Supp. 2d at 127.
[12] *North Dakota v. U.S. Army Corps of Eng'rs*, 264 F. Supp. 2d 871, 879 (D.N.D. 2003).
[13] Doc. 5-1 at 7–12.

Case No. 1:15-CV-01022
Gwin, J.

of itself – is sufficient to constitute the threat of irreparable harm in order to justify injunctive relief."[14] But the case which Dolan cites for this proposition deals with the disclosure of trade secrets, not simple breach of a non-compete contract.[15] Dolan does not make a sufficient showing as to why money damages could not redress any loss of business or profits he may suffer if he eventually prevails.

The final factors—injury to the non-movant and the public interest—do not appear to point strongly in either direction. Defendant Portaro alleges in conclusory terms that the TRO is ruining his Stark Power business, but, similar to Plaintiff's bare-bones allegations, offers no concrete details supporting this assertion.[16] The issue also does not appear to be one of great public interest.

The extraordinary nature of a TRO counsels in favor of its limited use: Dolan has not made a sufficient showing that he needs this extraordinary remedy.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant Brett Portaro's motion to dissolve the temporary restraining order issued by the state court. The Court will hold a hearing on Plaintiff Patrick Dolan's motion for a preliminary injunction on June 18, 2015, at 8:30 a.m., in Courtroom 18A (Cleveland).[17]

---

[14] Doc. 5 at 5.
[15] *See* *Prosonic Corp. v. Stafford*, 539 F. Supp. 2d 999, 1007 (S.D. Ohio 2008) ("As previously discussed, Prosonic is likely to establish the existence of confidential trade secrets. The fact that Stafford has commenced working for a competitor of Prosonic in a substantially similar capacity to the position he held while at Prosonic is uncontested on the record. As such, this is precisely the scenario in which Ohio courts grant injunctive relief to prevent irreparable harm.").
[16] *See* Doc. 4-2 at 4.
[17] Plaintiff Dolan has requested that the Court review some documents that contain confidential business information *in camera*. Doc. 5 at 7. The Court **DENIES** this request, as Plaintiff has not made a particularized showing that disclosure of these documents would cause him serious harm that would justify overcoming the strong presumption in favor of public access to court records. *See* *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1178–80

(continued...)

Case No. 1:15-CV-01022
Gwin, J.

    IT IS SO ORDERED.

Dated: May 28, 2015                            s/ *James S. Gwin*
                                                               JAMES S. GWIN
                                                               UNITED STATES DISTRICT JUDGE

---

[17]/(...continued)
(6th Cir. 1983). The parties may, however, move to seal individual documents provided that they make the requisite particularized showing.